UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **01-7865**

**CIV-LENARD**

RUSSELL MUSNICK,

Plaintiff,

v.

MAGISTRATE JUDGE
TURNOFF

KING MOTOR COMPANY OF
FORT LAUDERDALE, d/b/a KING
AUTO MALL,

Defendant.

_____/

FILED by ___ D.C.

DEC 1 1 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## COMPLAINT

COMES NOW the Plaintiff, RUSSELL MUSNICK, by and through his undersigned attorneys, and file this Complaint, against KING MOTOR COMPANY OF FORT LAUDERDALE (hereinafter, "KING"), and states as follows:

### INTRODUCTION

1. This is a proceeding for injunctive relief and monetary damages to redress the deprivation of civil rights secured to the plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000(e) et seq., and Florida Statute 760.10, the Florida Human Rights Act.

### JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon the following:

1



The Court's jurisdiction conferred by 28 U.S.C. 1331 and 1343 (a)(4) conferring original jurisdiction upon this Court for any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of Civil Rights, and: the Court's pendant jurisdiction to redress the unlawful and tortious conduct described herein.

## VENUE

3. The venue of this Court is based upon the following: The unlawful employment practices described herein occurred and/or were committed within the State of Florida, in the County of Broward. Accordingly, venue lies in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. 1391(b).

## PARTIES

4. At all times material hereto, the plaintiff, MUSNICK, was and continues to be Jewish.

5. At all times material hereto, plaintiff, MUSNICK, was and continues to be a citizen of the United States, and a resident of Broward County, Florida and most recently, a resident of the state of Rhode Island. Plaintiff, in order to work, was forced to move out of the State of Florida after the events which gave rise to this lawsuit.

6. At all times material hereto, plaintiff, MUSNICK, was an employee or former employee of Defendant, KING.

7. At all times material hereto, KING was and continues to be a Florida corporation

2

licensed to do business in the state of Florida and actually currently doing business in the State of Florida, County of Broward.

8.   At all times material hereto, Defendant KING was the employer or former employer of plaintiff, MUSNICK.

9.   At all times material hereto, Defendant, KING, was and continues to be an employer within the meaning of Title VII, 42 U.S.C. 2000(e) et seq., and Florida Statute 760.10. Further, KING was and continues to be engaged in a business affecting commerce within the meaning of 42 U.S.C. 2000, Title VII.

10.   At all times material hereto, Defendant, KING had and continues to have more than 21 employees for each working day in 20 or more calendar weeks in the current or preceding calendar year.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.   Plaintiff MUSNICK timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) complaining of the Acts described herein. (see attached "A")

12.   Plaintiff, MUSNICK'S Charge of Discrimination was also filed with the Florida Commission on Human Rights, which deferred investigation pursuant to its work sharing agreement with the EEOC.

13.   During its investigation of MUSNICK'S charge, the EEOC amended the charge of discrimination to read "continuing violation." (see attached "B")

14.   Plaintiff, MUSNICK requested and received a "Right to Sue" from the EEOC after

180 days, and commenced this action within 90 days of receipt of the "Right to Sue." (see attached "C")

15.	Accordingly, Musnick has exhausted all administrative remedies required prior to suit under both Title VII and Florida Statute 760.10.

## BRIEF STATEMENT OF FACTS

16.	Plaintiff Musnick worked for Defendant KING in various locations and in various capacities since about 1991, or for approximately nine (9) years.

17.	During Plaintiff's term of employment with KING, it was common knowledge in the workplace that Plaintiff was Jewish.

18.	During Plaintiff's term of employment with KING, it was Defendant KING'S practice to hold Christian prayer meetings both in the workplace and at churches and restaurants.

19.	Defendant KING'S vice president, Dave Nelson, encouraged attendance at the Christian prayer meetings and often stated that KING'S good business depended upon prayer and upon "being a good Christian."

20.	During Plaintiff's term of employment with Defendant KING, it was generally known that it was advantageous to be counted among those employees who attended the prayer meetings described above, and that promotions and favorable treatment resulted form such attendance.

21.	During Plaintiff's term of employment with Defendant KING, Plaintiff was encouraged by vice president Dave Nelson and did attend a Christian revival meeting known as

4

"Promise Keepers." Plaintiff objected, stating that he was Jewish, but Dave Nelson insisted that he attend.

22. KING'S vice president Dave Nelson also required that Plaintiff attend church with him on a regular basis.

23. Plaintiff, after initially stating his reluctance due to his religion, acquiesced and began attending regular Christian, "born again" church services with Dave Nelson.

24. As a direct result of his church attendance and prayer group participation, Plaintiff was promoted to General Manager of a KING owned auto dealership, the KING Auto Mall.

25. During Plaintiff's term of employment at KING, Plaintiff was not the only employee to be pressured into attending KING sanctioned prayer meetings and church services: gay employees were encouraged to reform their way of life and to become good Christians lest they go to hell, and Catholics and other Jewish employees were pressured into attendance.

26. To date, KING employees continue to seek to please their employer, KING, by attending church services with vice president, Dave Nelson, and by participating in prayer meetings.

27. Plaintiff MUSNICK'S last position with KING was as general manager of the KING Auto Mall in Sunrise, Florida.

28. The present General Manager of the KING Auto Mall in Sunrise is Jewish; he, too now attends born again church services with the KING vice president and participates in prayer meetings.

29. In late February of 2001, Plaintiff MUSNICK complained of having to participate in non-Jewish religious activities as part of his KING duties.

30. On March 6, 2001, Plaintiff was terminated by Defendant KING.

31. When Plaintiff requested reimbursement for his cell phone, which had always been reimbursed before, he was told by Clay King, the owner of the Defendant KING corporation, to "Stop Jewing me down."

32. As a direct and proximate result of Plaintiff's refusal to participate in Christian prayer meetings, Christian revival retreats, and Christian prayer groups, Plaintiff was terminated from his employment as general manager of the KING Auto Mall.

33. Defendant KING'S unusual and unlawful religious requirements of its employees continue unabated to this day.

34. After Terminating Plaintiff, MUSNICK, KING then retaliated against MUSNICK by giving him unwarranted negative references, in violation of their own reference policy, causing him to lose one job and preventing him from obtaining similar work on several other occasions.

35. Defendant KING also told one contractor that if that person wished to continue to perform work for KING, then that person could not work for Plaintiff MUSNICK as well.

36. Due entirely to Defendant KING'S unwarranted and illegal retaliation against Plaintiff MUSNICK, Plaintiff MUSNICK was unable to get and retain the same or similar employment in the state of Florida, and was forced to move to Rhode Island to make a living in the auto business.

## COUNT I
## VIOLATION OF TITLE VII
## AND FLORIDA STATUTE 760.10

37.     plaintiff realleges and reavers paragraphs 1- 36 as if fully set forth herein.

38.     The events leading up to Defendant's discharge of plaintiff were motivated by and

6

based upon plaintiff's religion, Jewish, in violation of Title VII and Florida Statute 760.10.

56. The Defendant's encouragement and promotion of the Born-Again Christian religion in the workplace, and the Defendant's preferential treatment of those employees who participated in the above described Born Again Christian activities, violates both Title VII and Florida Statute 760.10.

57. When plaintiff, MUSNICK, notified the proper parties at Defendant, KING, of the constant, open and offensive religious requirements at KING, nothing was done, the situation continued, and Plaintiff was terminated.

58. Defendant's termination of Plaintiff, MUSNICK, was based on Defendant's Born-Again Christian corporate culture and Plaintiff's religion, Jewish, in violation of both Title VII and Florida Statute 760.10.

60. Defendant, KING'S retaliation against Plaintiff was also based on Defendant's Born-again Christian corporate culture and Plaintiff's religion, Jewish, in violation of both Title VII and Florida Statute 760.10.

61. As a result of the above described unlawful behavior, Plaintiff has been damaged and continues to be damaged.

62. As a result of the above described unlawful behavior, Plaintiff has suffered emotional distress, humiliation, stress, damage to reputation, and monetary damages, and continue to suffer these damages.

WHEREFORE, Plaintiff, MUSNICK, pray that this Court will:

a. declare that the acts and practices complained of herein are in violation of Title VII and Florida Statute 760.10;

b. enjoin Defendant from continuing or maintaining any policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their religion and ethnicity which rights are secured by Title VII and Florida Statute 760.10;

c. direct the Defendant to pay Plaintiff compensatory damages;

d. direct the Defendant to pay Plaintiff lost wages, back pay, front pay, and all other sums of money, including employment benefits which may have been lost, together with set amounts for the injuries suffered as a result of Defendant's violation of Title VII and Florida Statute 760.10;

e. direct Defendant to pay punitive damages to the maximum extent allowable for a violation of Title VII and Florida Statute 760.10;

f. grant Plaintiff his costs and a reasonable award of attorney's fees, and

g. grant such other and further relief as this Court deems just.

e. any other and further relief as this Court may deem just and proper.

## JURY DEMAND

77. Plaintiff, MUSNICK, demand a trial by jury of all issues so triable.

DATED this Eleventh day of December, 2001.

Respectfully submitted,

BETH M. GORDON, ESQ.
Florida Bar No. 876623
DAVID J. WEISS, ESQ.
Florida Bar No. 349591
PARRILLO, WEISS & O'HALLORAN
2101 N.W. Corporate Boulevard
Suite 104
Boca Raton, Florida 33431
(561) 999-8800/Facsimile: 999-8802

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

☐ FEPA
☒ Florida Comm. on Human Relations and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Russell S. Musnick | (954) 341-1166 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2113 Pinehurst Way, Coral Springs, FL 33071 | | 02/25/1966 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| King Motor Company Of Ft. Lauderdal | Cat B (101-200) | (954) 764-2122 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 700-900 East Sunrise Blvd., Ft. Lauderdale, FL | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE   ☐ COLOR   ☐ SEX   ☒ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 02-01-01   LATEST: 03/06/2001
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

On March 6, 2001, I was terminated from my position of general manager. In February 2001, I was subjected to harassment by the owner saying to me "stop jewing me down".

The President, Clay King and the Vice President, Dave Nelson told me that they were making a change and that I would be transferred to another dealership, Saturn of Coconut Creek. One of the owners, Ed Applebee told me that he did not have a position for me. Therefore, I was without a job.

I believe that I have been discriminated against in retaliation after I complained of being subjected to harassment and no longer desired to participate in prayers meetings and church meetings with my supervisor, by being terminated, and I was harassed because of my religion, Jewish in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

3/13/01
Date   Charging Party *(Signature)*

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year)

EEOC FORM 5 (Rev. 07/99)

CHARGING PARTY COPY   A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

[ ] FEPA
[X] EEOC

150 AT 1463

Florida Commission on Human Relations and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) Mr. Russell S. Musnick | HOME TELEPHONE (Include Area Code) (954) 341 - 1166 | |
|---|---|---|
| STREET ADDRESS 2113 Pinehurst Way | CITY, STATE AND ZIP CODE Coral Springs, Florida 33071 | DATE OF BIRTH 02/25/1966 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS Cat B (101-200) | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| NAME King Motor Company of Ft. Lauderdale | TELEPHONE NUMBER (Include Area Code) (954) 764 - 2122 | |
| STREET ADDRESS 700-900 East Sunrise Boulevard | CITY, STATE AND ZIP CODE Ft. Lauderdale, Florida 33304 | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE [ ] COLOR [ ] SEX [X] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST                    LATEST
                            03/06/2001
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

## AMENDED CHARGE OF DISCRIMINATION

I am a Jew and, on March 6, 2001, I was terminated from my position of General Manager after complaining about having to participate in non-jewish religious activities. I had been subjected to these terms and conditions of employment approximately nine (9) years. Most recently, in February 2001, I was subjected to an offensive comment by the owner who said to me, in response to a request for a reimbursement, "Stop jewing me down."

The President, Clay King, and the Vice President, Dave Nelson, told me that they were making a change and that I would be transferred to another dealership. One of the owners, Ed Applebee, told me that he did not have a position for me at the other dealership. Mr. Nelson (immediate Supervisor) told me that attendance at these religious functions and church were necessary for good business.

I believe that I have been discriminated against because of my religion and retaliated against for complaining about the discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

10/23/01
Date            Charging Party (Signature)

EEOC FORM 5 (REV. 3/01)

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Mr. Russell S. Musnick<br>2113 Pinehurst Way<br>Coral Springs, Florida  33071 | From: Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida  33131 |
|---|---|

[  ]  *On behalf of person(s) aggrieved whose identity is*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150 A1 1463 | T.K. McTeer, Investigator | (305) 530-6041 |

*(See also the additional information attached to this form.)*

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[   ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]  The EEOC is terminating its processing of this charge.

[   ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[   ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]* for Federico Costales, District Director

**NOV 19 2001**
*(Date Mailed)*

Enclosure(s)

cc:  Beth M. Gordon, Esq.                              Cathy M. Stutin, Esq.
     Parrillo, Weiss & O'Halloran                      Fisher & Phillips LLP
     2101 Northwest Corporate Boulevard                One Financial Plaza
     Suite 104                                         Suite 2300
     Boca Raton, Florida  33431                        Fort Lauderdale, Florida  33394-0005

C

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Russell Ostrick

**01-7865**

## DEFENDANTS
King Motor Company of Fort Lauderdale

FILED by ___ D.C.
DEC 11 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

CAHA 01 CV 7865  Lenard

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) (561) 999-8800
Parrillo, Weiss + O'Halloran
2101 NW Corporate Blvd #104
Boca Raton, FL

ATTORNEYS (IF KNOWN)

**CIV-LENARD**

MAGISTRATE JUDGE
TURNOFF

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl Ret Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Religious Discrimination / Wrongful Termination - Title VII; Fla. Stat. 760.10

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 12/11/01
SIGNATURE OF ATTORNEY OF RECORD: Beth Gaiden, Esq.

FOR OFFICE USE ONLY

RECEIPT # 323974  AMOUNT 150.00  APPLYING IFP 12/11/01  JUDGE _____  MAG. JUDGE _____